IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen Mark Hause, | ) C/A No. 9:14-275-RMG-BM |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Major Jones, *Supt. LCDC*, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner Stephen Mark Hause ("Petitioner"), proceeding *pro se*, brings this action for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner is a pretrial detainee in the Lexington County Detention Center in Lexington, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Petitioner alleges that he has been held in custody since August 1, 2013 on pending charges of manufacturing methamphetamine, and that his public defender, Mr. Dayne Phillips, has refused repeated orders from Petitioner to file motions for a speedy trial, and has refused to represent Petitioner in a habeas petition. Petition, ECF No. 1, p. 8. Petitioner alleges that he mailed a *pro se* motion for speedy trial to the Lexington County Clerk of Court's Office on October 6, 2013 but has gotten no reply and received no relief. *Id.* Petitioner alleges that Mr. Phillips has seen him only three times since August 2, 2013, when he was appointed. Petitioner alleges that he mailed a three-page letter on October 20, 2013, firing his attorney, and filed a motion to dismiss counsel in Lexington County General Sessions Court the following day, which was denied on November 5, 2013. Petition, ECF No. 1, p. 9. Petitioner seeks dismissal of the charge against him. *Id.*

Petitioner did not submit the $5 habeas filing fee or an Application to Proceed Without Prepayment of Fees and Affidavit ("Form AO 240") with his Petition. By Order dated February 6, 2014 (ECF No. 5), Petitioner was ordered to bring the case into proper form by paying the fee or filing a Form AO 240. On February 19, 2014, Petitioner complied with the Court's Order by submitting a Form AO 240 (ECF No. 8). Petitioner also submitted a letter (ECF No. 7) in which he alleges that he has attempted to exhaust his state remedies to no avail, and that he continues to suffer irreparable injury in the form of violations of his First, Sixth, Eighth, and Fourteenth Amendment rights. Letter, ECF No. 7, p. 1. Petitioner alleges that, on January 27, 2014, the Lexington County General Sessions Court denied his second motion to dismiss his appointed counsel and refused to allow Petitioner to proceed *pro se* or even to testify in support of his motion. *Id.*, p. 2. Petitioner alleges that, on January 28, 2014, he filed a notice of appeal to the South Carolina Supreme Court from the state trial court's collateral orders. Petitioner alleges that, on January 31, 2014, the South Carolina Supreme Court dismissed his notice of appeal as premature. *Id.*, p. 3.

## *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings in the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25

---

[1] *See* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254).

2

(1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).

However, even when considered under this less stringent standard, the Petition submitted in the instant case is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner is a pretrial detainee in a South Carolina local detention center facility. Ordinarily, federal habeas corpus relief for a state prisoner is only available post-conviction. However, pretrial petitions for habeas corpus may be brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995), cert. denied, 517 U.S. 1123 (1996) (citations omitted). Generally, however, "an attempt to dismiss an indictment or otherwise prevent a prosecution," the relief Petitioner seeks in this action , is not attainable through federal habeas corpus. *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)).



3

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43-44 (citation omitted). From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Applying this test to the instant facts, Petitioner alleges that he was arrested and charged with manufacturing methamphetamine and has been in custody since August 1, 2013, satisfying the first criterion. The second criterion has been addressed by the United States Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, with regard to the third criterion, the United States Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a 'fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).



4

Federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-26. *See also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. *Id.* Additionally, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449. In *Moore*, the court concluded that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal. *See id.* at 443; *Dickerson*, 816 F.2d at 228 (finding that a request for pretrial habeas relief cannot be considered before the state court has had an opportunity to rule on the issue). While Petitioner also complains that the state court has denied his motion to dismiss his counsel and proceed *pro se*, Petitioner can pursue these claims in state court both during and after trial.

Hence, despite Petitioner's conclusory assertions, he fails to demonstrate that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from custody and dismissal of his state court charges. *See Younger*, 401 U.S. at 43-44. Petitioner has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify under an exception to *Younger* abstention and necessitate federal intervention through exercise of the habeas power. *Cf. Robinson v. Cannon*, No. 4:12-cv-155, 2012 WL 1937123, at *1



5

(D.S.C. May 29, 2012). Petitioner is therefore precluded from federal habeas relief at this time, and his Petition should be dismissed.

### Recommendation

Accordingly, it is recommended that the instant Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed without prejudice. Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 21, 2014
Charleston, South Carolina



6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).