IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen Mark Hause | ) |
|     Petitioner, | ) Civil Action No: 9:14-275-RMG |
| | ) **ORDER** |
| v. | ) |
| Major Jones, Supt. LCDC, | ) |
|     Respondent. | ) |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court dismiss Petitioner's action for habeas relief, pursuant to 28 U.S.C. § 2241, without prejudice. (Dkt. No. 13). For the reasons set forth below, the Court agrees with and ADOPTS the R & R as an Order of this Court.[1]

## I. Background

Petitioner, Stephen Mark Hause, was a pretrial detainee in the Lexington County Detention Center in Lexington, South Carolina when he filed this action for habeas relief pursuant to 28 U.S.C. § 2241.[2] Petitioner alleges that his public defender, Mr. Dayne Phillips, has refused to file motions for a speedy trial and has refused to represent Petitioner in a habeas petition. (Dkt. No. 1 at 8). Petitioner also alleges that he mailed a *pro se* motion for a speedy trial to the Lexington County Clerk of Court's Office, but has received no reply or relief. (*Id.*). Petitioner alleges that he filed a motion to dismiss counsel twice, but was denied each time. (Dkt. No. 1 at 9; Dkt. No. 7 at 2). Petitioner seeks dismissal of the charge against him. (Dkt.

---

[1] The R&R states that petitioner did not submit the $5 habeas filing fee and filed the action *in forma pauperis* under 28 U.S.C. § 1915. As of February 21, 2014 Petitioner has paid the required filing fee. (Dkt. No. 15).

[2] Petitioner recently filed a Notice of Change of Address; this new address indicates that he is no longer detained. (Dkt. No. 20).

1

No. 1 at 9). Also, Petitioner alleges that he has attempted to exhaust his state remedies to no avail and as a result, he continues to suffer irreparable injury in the form of violations of his First, Sixth, Eighth, and Fourteenth Amendment rights. (Dkt. No. 7 at 1).

The Magistrate Judge recommended dismissing the Petition without prejudice for failure to exhaust state remedies. Despite receiving a three-week extension to do so, Petitioner has not filed a timely objection.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## III. Discussion

Under 28 U.S.C. § 2241, federal habeas corpus relief is available for persons in custody regardless of the status of the case pending against them or whether final judgment has been rendered against them. *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995). While federal courts have the jurisdiction to grant federal habeas relief in advance of trial, *Younger v. Harris*, 401 U.S. 37 (1971), "serves as an exception to the traditional rule that federal courts should

2

exercise jurisdiction conferred on them by statute." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). Under *Younger*, a federal court should abstain from exercising its jurisdiction and not interfere with a pending state criminal proceeding if "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interest; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Id.* (citation omitted).

For the reasons stated in the R&R, the Court agrees with the Magistrate Judge that all three of these criteria are met. Petitioner has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify as an exception to *Younger* abstention and necessitate federal intervention. *Gilliam v. Foster*, 75 F.3d 881, 901 (4th Cir. 1996); *see also Moore v. DeYoung*, 515 F.2d 437, 446 (3d Cir. 1975) ("We are not prepared to hold that . . . the alleged denial of Moore's right to a speedy trial, constitutes such 'extraordinary circumstances' as to require federal intervention prior to exhaustion of state court remedies.").

## IV. Conclusion

The Court **ADOPTS** the Magistrate Judge's R & R (Dkt. No. 13) as an Order of this Court. Accordingly, the Petition is **DISMISSED WITHOUT PREJUDICE**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 4, 2014
Charleston, South Carolina